IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GORDON E. SUSSMAN,

                          OPINION AND ORDER

                Petitioner,

    v.                                                  09-cv-35-bbc

JODINE DEPPISCH, Warden,
Fox Lake Correctional Center,

                Respondent..

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Gordon E. Sussman has filed objections to the September 16, 2009 report and recommendation entered by the United States Magistrate Judge. The magistrate judge recommended denial of the petition for a writ of habeas corpus brought under 28 U.S.C. § 2254; petitioner contends that the magistrate judge erred in arriving at this recommendation. Petitioner is in custody on charges of sexual assault of a minor and possession of child pornography. He believes that the magistrate judge made three mistakes in analyzing the petition: he did not discuss counsel's failure to file the proper motion to admit evidence of a prior sexual assault accusation by the victim; he did not make a correct analysis of counsel's failure to introduce evidence that the victim had denied any sexual assault by petitioner when questioned directly by his counselor; and he failed to recognize

1

that petitioner had said enough in his appellate briefs to alert the state appellate court to a federal constitutional claim.

The magistrate judge summarized in his report all of the details relevant to the issues raised in the petition. Without repeating those details, I will set out some background facts to put the issues in context.

Petitioner was convicted in the Circuit Court for Dane County on charges of sexual assault of a minor. At trial, petitioner's counsel tried to question the victim, Scott B., about a report he had made about having been touched inappropriately by his father on one occasion when Scott was young and showering with his father. The trial court sustained the prosecutor's objection to this question on the ground that defense counsel had not brought a pretrial motion on the subject, as required by Wisconsin's rape shield law, Wis. Stat. § 972.11(2). At a later point in the trial, defense counsel questioned Scott about his denials to his therapist about any sexual contact with petitioner. He made no effort to introduce treatment notes of Scott's therapist indicating that Scott had given the therapist firm denials when asked about any such contact. At trial, Scott said in response to questioning by defense counsel that he did not recall telling his therapist that he had not had such contact.

Petitioner's counsel was allowed to ask Scott's mother whether Scott had made false accusations of sexual abuse by his father but was told he could not call Scott's therapist to ask her about such accusations because her testimony would be cumulative to what counsel

2

could elicit from other witnesses. The court agreed to take judicial notice of the mandatory reporting law in effect in Indiana, where Scott was treated, that any counselor must report child abuse revealed by a client. In his closing, defense counsel argued without objection that the law and the absence of any recorded report by the therapist were strong evidence that Scott had denied to his therapist that he had ever been abused by petitioner.

OPINION

A. Ineffectiveness of Counsel

1. Exclusion of evidence of victim's prior accusation

Petitioner takes issue with the magistrate judge's findings on whether the trial court's should have prevented defense counsel from introducing evidence of petitioner's prior accusation against his father. As I understand petitioner's objection, it is that the magistrate judge was mistaken about the exact nature of petitioner's objection. The magistrate judge decided that if the excluded evidence had been allowed, it would not have created a reasonable probability of a different outcome to the trial. All wrong, says petitioner; the appellate court never reached this issue. Instead, it rejected petitioner's claim of ineffective assistance of counsel because it agreed with the trial judge that if counsel had filed a timely motion to put the prior accusation into evidence, the motion would have been denied. This is the error that formed the basis for his objection.

3

Petitioner's objection is an odd one to make in a federal court, which ordinarily has no authority to review state court findings and conclusions in matters of state law. McCloud v. Deppisch, 409 F.3d 869, 874-75 (7th Cir. 2005). "'State courts are the ultimate expositors of their own states' laws and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances.'" Id. at 875 (quoting Lechner v. Frank, 341 F.3d 635, 641 (7th Cir. 2003)). This is true even if the question is bound up in a constitutional one, as in this case in which petitioner is challenging the constitutional adequacy of his representation. (In McCloud, the state law question was bound up in the issue of double jeopardy; the state court had held that the doctrine of double jeopardy did not prevent a person from being convicted of two state law crimes with overlapping elements.)

With no authority to review the correctness of the appellate court's decision that the trial court had interpreted Wis. Stat. § 972.11(2) properly, the magistrate judge reviewed the question that this court does have authority to decide: whether the exclusion of the evidence of the prior allegation of sexual abuse prejudiced petitioner. He concluded that it had not. (The parties had conceded that it was error for defense counsel to fail to file the required motion, therefore, the only question relating to the adequacy of counsel's representation of petitioner under Strickland v. Washington, 466 U.S. 668 (1984), was

4

whether the error had prejudiced petitioner.) This was a reasonable conclusion to reach, given the fact that petitioner was not prevented entirely from bringing the victim's prior false accusation to the jury's attention. Counsel was allowed to question Scott's mother about the matter and to put in extensive evidence from other witnesses about Scott's propensity to lie.

2. Failure to impeach victim with therapist's treatment notes

Assuming that the treatment notes of the victim's therapist could have come into evidence under Fed. R. Evid. 803(4) as statements for purposes of medical diagnosis or treatment, counsel's failure to try to introduce them into evidence would not have made a difference to the outcome of the trial under any test. Although the appellate court misstated the correct test for prejudice under Strickland, saying that it could not conclude that the "result of the proceeding would have been different had the note been introduced," dkt. #5-3 at 3), when the proper test is whether there is a reasonable probability that the result would have been different, it is apparent from its opinion that it would have reached the same conclusion had it applied the right standard. As the opinion shows, the court of appeals was persuaded not just that there was no reasonable probability of a different outcome but no probability at all. I cannot say that this was an unreasonable view to take of the issue.

5

## B. <u>Right to Confrontation and Due Process</u>

I agree with the magistrate judge that petitioner did not raise a constitutional claim in the state appellate court and that even if he had, the claim would not have been successful. Petitioner believes that it was error for the court to admit the opinions of friends of Scott's mother to the effect that the victim acted as if he had been sexually abused, first because these statements were hearsay and second, because they were improper lay opinion testimony.

The opinions were not hearsay because they were not admitted for their truth, but merely to show why Scott's mother questioned him about the possibility of sexual abuse. Even if the court had not made it plain to the jury that they were not offered for their truth, the opinions were so cursory that there is no reasonable probability that the jury would have placed any weight on them. This is particularly true in light of the testimony that counsel elicited from Scott's mother, which was that he had been exhibiting the same behavior before the assaults could have occurred.

As for the argument that the statements of the friends were improper lay testimony, it is hard to imagine any jury giving credit to the comments of persons who had no apparent credentials and did not testify at trial. I agree with the court of appeals that the opinion testimony was not significant.

6

ORDER

IT IS ORDERED that the recommendation of the United States Magistrate Judge to deny petitioner Gordon E. Sussman's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is ADOPTED. The petition is DENIED.

Entered this 26th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7