IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GORDON SUSSMAN,

                Petitioner,                      ORDER

      v.                                        09-cv-35-bbc

JODINE DEPPISCH, Warden,
Fox Lake Correctional Center,

                Respondent.

---

Gordon Sussman asks this court to issue a certificate of appealability permitting him to appeal from this court's order and judgment entered October 26 and October 29, 2009, respectively, adopting the magistrate judge's report and recommendation and denying Sussman's petition for a writ of habeas corpus. Petitioner contended that his state court conviction for two counts of repeated sexual assault of the same child violated his rights to the effective assistance of counsel, to due process and to confrontation. This court rejected his claims, finding that the state appellate court had not applied the rule of Strickland v. Washington, 466 U.S. 668 (1984), unreasonably when it denied petitioner's Sixth Amendment claims and that petitioner had procedurally defaulted his confrontation and due process claims. Petitioner seeks a certificate of appealability on the same three claims he raised in his petition.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Having reviewed the report and recommendation and petitioner's arguments in favor of a certificate of appealability, I am granting the certificate with respect to his claim of ineffective assistance of counsel. Petitioner insists that he was prejudiced by his lawyer's failure to

> 1) introduce a note from the victim's therapist indicating that the victim had denied that petitioner had sexually assaulted him; and
> 
> 2) file a pretrial motion seeking permission to introduce evidence that the victim had made and then recanted allegations that his father had touched him inappropriately when the victim was young and showering with his father.

Although this case is not particularly close, reasonable jurists could debate whether counsel's errors combined to create a reasonable probability of a different outcome.

I am denying the certificate with respect to petitioner's challenge to the trial court's admission of the opinions of friends of the victim's mother to the effect that the victim acted as if he had been sexually abused. Even if reasonable jurists might disagree whether petitioner presented this challenge in terms clear enough to alert the state courts that he was

raising federal due process and confrontation clause challenges, they would not agree with petitioner that his constitutional claims have any merit in light of his opportunity to cross-examine the victim's mother, the prosecutor's failure to exploit the statements and the overall insignificance of the second-hand opinions in light of the other evidence adduced at trial.

## ORDER

IT IS ORDERED that the motion of petitioner Gordon Sussman for a certificate of appealability is GRANTED with respect to his claim of ineffective assistance of counsel and DENIED with respect to his due process and confrontation clause claims.

Entered this 1st day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge